UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:16-cv-2118-JLS-SPx                                           Date: December 1, 2016
Title:  Britt Kimble v. Flowers Baking Co. of Henderson, LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                                                N/A
    Deputy Clerk                                                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte*. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  For cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[T]he defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Generally, subject matter jurisdiction is based on the presence of complete diversity between the parties, *see* 28 U.S.C. § 1332, or on the presence of an action arising under federal law, *see* 28 U.S.C. § 1331.
     Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000."  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B).  Conclusory allegations as to the amount in controversy are insufficient.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).  Nor can a defendant establish the amount in controversy by "mere speculation and conjecture."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *See id.* (quoting *Singer*, 116 F.3d at 377) (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:16-cv-2118-JLS-SPx                                                    Date: December 1, 2016

Title:  Britt Kimble v. Flowers Baking Co. of Henderson, LLC, et al.

     Here, Defendant alleges diversity jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal ¶¶ 7–17, Doc. 1.)  Although Defendant asserts that the amount in controversy requirement has been met, (*id.* ¶¶ 13–17), the Court finds that Defendant has not proven that fact by a preponderance of the evidence.
     Specifically, Defendant supports its estimate of the amount in controversy with a declaration from Tyler Schoenewald, Defendant's Director of Distributor Relations, and two exhibits.  (Schoenewald Decl., Doc. 1-6; Schoenewald Decl., Ex. A, Doc. 1-7; Schoenewald Decl., Ex. B, Doc. 1-8.)  While the declaration includes exhibits that purport to calculate dollar value of the commissions and "stale cap" at issue, the Court finds the conclusion that the alleged damages will continue for approximately another decade at the calculated level to be speculation.
     Therefore, the Court ORDERS Defendant to show cause in writing no later than **December 15, 2016** why this action should not be remanded to state court for lack of subject matter jurisdiction.  Failure to respond by the above date will result in the Court remanding this action.

                                            Initials of Preparer:  tg